UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESTABA SALAVERRIA (A-241-012-490),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY,[1]<br>Respondent. | No. 1:26-cv-8283 DAD CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Jose Estaba Salaverria (A-241-012-490), a native and citizen of Venezuela, who is proceeding without counsel, filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] Petitioner entered the United States in 2023, and was paroled into the country. On September 20, 2026, petitioner was arrested and detained and has been in continuous detention since this date. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner's immediate release.

---

[1] Petitioner named the U.S. Immigration and Customs Enforcement ("ICE") as respondent. (ECF No. 1 at 10.) The Warden of California City is substituted as respondent. <u>See</u> Fed. R. Civ. P. 25(d); <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435 (2004).

[2] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND[3]

Petitioner is a 33-year-old citizen and native of Venezuela. (ECF No. 5-1 at 1.) On February 23, 2023, petitioner entered the United States at the San Ysidro, California port of entry. (Id.) On September 20, 2026, petitioner was driving and was stopped, arrested and detained by Immigration and Customs Enforcement ("ICE"). (ECF No. 1 at 10.) Petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[4] (ECF No. 5-3 at 1.) The Notice to Appear alleges petitioner is an "arriving alien," and also states petitioner was paroled into the United States on February 23, 2023. (Id.) An administrative warrant for petitioner's arrest was issued on September 20, 2026. (ECF No. 5-2.)

Respondent does not argue that petitioner has a criminal history. (ECF No. 5.)

Petitioner has been in continuous detention since September 20, 2026. (ECF No. 1 at 10.) Respondent does not contest petitioner's factual allegations. (See ECF No. 5.)

## II. PROCEDURAL BACKGROUND

On October 9, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) On October 21, 2026, respondent timely filed an answer (reply) to the petition. (ECF No. 5.) Petitioner did not file a reply. (See Docket.) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

---

[3] Petitioner filed a verified habeas petition. (ECF No. 1 at 9.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

[4] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition as raising a statutory claim under the INA and a Fifth Amendment due process claim.[5] (ECF No. 1 at 10.) In the response to the petition, respondent appears to have construed the petition to raise a statutory claim under the INA. (ECF No. 5.) Respondent does not argue that petitioner is a flight risk or a danger to the community, and instead argues that petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), because petitioner was an "arriving alien," who entered the United States at the border. (ECF No. 5 at 1 (citing Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) ("unadmitted aliens entering the United States at the border [are subject] to § 1225(b)(2)(A).").) Further, respondent does not contend that petitioner has a criminal history. (See id.)

Nevertheless, respondent acknowledges that petitioner's circumstances place him in the "category of cases in which the Court has found that petitioner's previous parole into the United States is more significant than the manner of entry." (ECF No. 5 at 1.)

---

[5] Petitioner challenges his continued detention based on the violation of "due process and the unlawful prolonged detention" (claim one).[5] (ECF No. 1 at 10.) Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes petitioner's claim as a statutory claim challenging his unlawful detention and a Fifth Amendment due process claim challenging his detention, and not including a claim challenging the detention as prolonged. The Court also notes that respondent did not focus on prolonged detention in their response. (See ECF No. 5.)

Respondent's argument appears to refer to the large volume of cases in which this district court has repeatedly rejected respondent's new interpretation[6] of Sections 1225 and 1226, finding that the detention or re-detention of a noncitizen without a pre-deprivation bond hearing violates the INA and/or violates due process.

In Rodriguez Vazquez, the Ninth Circuit rejected respondent's argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. The majority of courts nationwide agree, rejecting respondent's new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful.");

[6] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, respondent's argument that petitioner remains subject to § 1225(b)(2) fails. The Court recommends granting the petition on statutory grounds, pursuant to Rodriguez Vazquez and based on respondent's acknowledgment, and ordering petitioner's immediate release.

## V. PETITIONER'S REMAINING CLAIMS

In the petition, petitioner also raises a due process claim (claim one). (ECF No. 1 at 10.) Because the Court recommends granting the petition on statutory grounds, the Court need not address any additional claims raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks on statutory grounds.

## VI. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondent be ordered to IMMEDIATELY release petitioner Jose Estaba Salaverria (A-241-012-490) and be ordered to provide petitioner with a copy of these findings and recommendations and the release order at or near the time of release. If respondent has custody of petitioner's personal possessions and documents (e.g., identification, passport, work permit, Social Security card, etc.), respondent shall return those to petitioner at the time of release.
3. Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation, constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner

is a flight risk or danger to the community such that his physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

4. Given petitioner's pro se status, respondents be directed to file, within **seven days** of the adoption of these findings and recommendations, a status report addressing petitioner's status.

5. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 4, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/sala8283.157.2241.imm.RELEASE